FRED T. WALTERS et al., complainants,

*v.*

MILTON MIRKIN, defendant.

[Decided December 24th, 1924.]

**Joint Adventure—Partnership Alleged But Claim Abandoned— Existence of a Business Arrangement of Some Sort Prob- able, but Definite Terms Impossible to Understand From the Evidence—If Action Lies, It Is At Law on Breach of Contract.**

On final hearing.

*Mr. Henry H. Wittslein,* for the complainants.

*Mr. Sol Phillips Perlman,* for the defendant.

BUCHANAN, V. C.

The bill of complaint alleges a partnership agreement be- tween the complainant Walters and the defendant as to certain dealings in real estate. At the hearing complainants tacitly abandoned the theory of partnership, but contend that there was a joint venture between the two parties as to cer- tain parcels of real estate; that profits were made on the venture and kept by defendant, who is now asked to account to complainant Schlicher as assignee from Walters.

That negotiations were had and some sort of an under- standing reached between Walters and Mirkin as to dealings in real estate I have no doubt from the evidence; but it is impossible from the testimony to say what were the definite terms and effects of their conversations. Indeed, it is evi- dent from the testimony of Mr. Walters himself, that his con- ception of the relationship between himself and Mirkin, and

their mutual rights and duties, was far from being clearly understood even by himself. This is, perhaps, not unnatural, for the law as to joint ventures is neither completely settled nor commonly understood, and many, if not most persons, enter into some sort of joint interest in a speculative enterprise with no clear thought or idea in mind except a division of the anticipated profits, and, perhaps, also the furnishing of the capital, which then appears requisite for the transaction.

Certainly, no partnership was established by the proofs at the hearing. The most that might be found would be a general and indefinite agreement that the parties should thereafter become partners or joint adventurers as to certain transactions thereafter to be agreed on. I am unable to find from the evidence in this case satisfactory proof of the actual existence of a joint adventure. The defendant, Mirkin (who was called as a witness, and his credibility thereby vouched for by complainants), contradicts most of Walters' testimony on this issue, and testifies that his agreement with Walters was that if Walters found a customer who would buy the properties from Mirkin at $10,000 or over, he (Mirkin) would give Walters half the profits. Admittedly, Mirkin had bought the properties, with his own funds and in his own name for $6,750.

The testimony of Walters is, indeed, substantially to the same effect, except as to the existence of the condition that the sale price be $10,000. He says:

"He [Mirkin] told me he had three properties he was looking at, and if he bought the property he would take me in on the profits if they were sold.

"He [Mirkin], immediately after purchasing the properties, came into my office and showed me the agreement. He showed me what the properties cost him and said, 'Get busy and sell it.'

"He came back and handed me that agreement and said, 'Go ahead and sell them, and we'll split the profits.'

"He said he had three properties to buy, and when he bought them he would split the profits, if I done the selling."

There is no proof whatever that Walters had anything whatever to do with effectuating the sale of the first of the properties to be sold, nor that he effected the sale of the second. Indeed, he says Mirkin told him he wouldn't give him any of the profits when it should be sold, and he seems thereafter to have ceased efforts to sell.

Walters has therefore failed to establish his alleged right to recover against Mirkin, and, moreover, it seems clear that his right of action, if it existed, would be at law and not of equitable cognizance, for damages for breach of contract.

The bill, therefore, must be dismissed.